# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

_____

**MICHAEL GLEN LEE**          **CIVIL ACTION NO. 05-1363**

**VERSUS**          **JUDGE JAMES**

**STEVE FARRELL, ET AL**          **MAGISTRATE JUDGE HAYES**

_____

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is an unopposed motion to dismiss for failure to exhaust administrative remedies filed by the defendants (Document No. 7). For reasons stated below, it is recommended that the motion be GRANTED.

Plaintiff filed this action against the Farm Service Agency and various employees thereof, seeking damages for actions or inactions in connection with the denial of his claim with the United States Department of Agriculture. Defendants move to dismiss the plaintiff's claims on the grounds that the plaintiff failed to file an administrative claim in this matter prior to filing the instant lawsuit. (See Declaration of Willie Cooper, Gvmt. Ex. A.) Plaintiff's claims have not been resolved, accepted or denied by the United States Department of Agriculture, nor has six months elapsed since a claim was received by the local claims office.

Because the plaintiff has failed to file administrative claims, defendants argue that this action is premature and should be dismissed for lack of jurisdiction pursuant to F.R.C.P. Rule

1

12(b)(1).

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides:

Every defense, in law or fact, to a claim for relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made motion: (1) lack of jurisdiction over the subject matter. . .

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications, Inc.,* 117 F.3d 900, 904 (5th Cir. 1997). In this case, as there is no opposition to the motion, there are no undisputed facts to be resolved, and considering the complaint and the undisputed facts, dismissal is proper.

The subject matter jurisdiction of this Court and tort liability of the United States in this case rests entirely upon the waiver of sovereign immunity under the FTCA, 28 U.S.C. §§ 2671-2680. Courts lack subject matter jurisdiction and must dismiss FTCA actions that are instituted before the administrative remedies are exhausted under §2675(a). In *McNeil v. United States*, 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993), the Supreme Court held that an action filed prior to the expiration of the six-month waiting period cannot become timely by the passage of time after the complaint is filed because the exhaustion requirement is jurisdictional, and may not be waived.

In this case, it is undisputed that the plaintiff has not exhausted his administrative remedies. Therefore, this court lacks subject-matter jurisdiction of his claims, and it is recommended that the motion to dismiss be GRANTED, and this matter dismissed without

prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 13th day of September, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE